UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                                    CASE NO.: 21-16185-BKC-AJC
                                                                                          Chapter 7
**DANAY AGUIRRE**
SSN: XXX-XX-1001

_____Debtor._____/

### JOEL L. TABAS, TRUSTEE'S NOTICE OF DEFAULT AND MOTION FOR ENTRY OF ORDER REVOKING DEBTOR'S DISCHARGE

Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of Danay Aguirre (the "Trustee"), through counsel, files this Notice of Default and Motion for Entry of Order Revoking Debtor's Discharge (the "Motion"), and in support thereof states as follows:

1. On June 25, 2021, Danay Aguirre (the "Debtor"), filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Shortly thereafter, the Trustee was appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

2. On October 7, 2021, the Trustee filed his *Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets* [ECF 27] (the "Settlement Motion").

3. As set forth in the settlement agreement attached as Exhibit "A" to the Settlement Motion (the "Settlement Agreement"), the Trustee and the Debtor agreed to compromise the valuation of repurchase of the non-exempt interest in the Debtor's Personal Property (as defined in the Settlement Agreement) for $6,000.00 (the Settlement Amount").

4. Additionally, the Trustee and the Debtor agreed that Settlement Amount shall be paid by the Debtor as follows: (i) an initial payment in the amount of $1,000.00 due on or before October 31, 2021; followed by (ii) ten (10) consecutive monthly installments of $500.00 each month, with the first payment in this amount to be made on or before November 15,

2021, and each subsequent payment due on the same day each month thereafter until the Settlement Amount is paid in full by August 15, 2022.

5. On November 3, 2021, the Court entered an Order granting the Settlement Motion, which approved the terms and conditions set forth in the Settlement Agreement [ECF 28] (the "Settlement Order").

6. On November 5, 2021, this Court entered an Order granting the Debtor a discharge under 11 U.S.C. § 727 [ECF 30].

7. Since then, the Debtor has failed to make timely payments and has only paid a total of $300.00 towards the Settlement Amount. As a result, the Debtor is currently in default by $1,700.00.

8. On December 5, 2021, the Trustee, through undersigned counsel, notified Debtor's counsel of the default and requested the Debtor cure the default on or before December 15, 2021. A true and correct copy of the Trustee's request for compliance is attached hereto as Exhibit "A."

9. However, despite the Trustee's efforts to resolve this matter without court intervention, the Debtor has failed to cure the default. Further, the Debtor has not provided any indication of when the default could be cured by, and thus, the Trustee has no other option but to proceed with this Motion.

10. Pursuant to ¶ 12 of the Settlement Agreement:

> [i]n the event that the Debtor fails to comply with the terms of [the Settlement Agreement]...the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to…the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

8. Accordingly, the Trustee seeks an Order revoking the Debtor's discharge for failure to comply with the lawful order of the Court (i.e., the Settlement Order) and as agreed to in the Settlement Agreement pursuant to 11 U.S.C. §§ 727(a)(6)(A) and (10).

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the bankruptcy estate of Danay Aguirre, respectfully requests that the Court enter an Order: (1) granting the instant Motion; (2) revoking the Debtor's discharge for failure to comply with the lawful order of the Court; and (3) granting such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 27, 2021, a true and correct copy of the foregoing was served via electronic transmission to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to the Debtor:

Danay Aguirre
1029 NW 3th Street #202
Miami, FL 33128

Respectfully submitted

/s/ Joshua D. Silver
Joshua D. Silver
Florida Bar No. 100022
Tabas & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
25 S.E. 2nd Avenue, Suite 248
Miami, Florida 33131
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
jsilver@tabassoloff.com

## Joshua D. Silver

| | |
|---|---|
| **From:** | Joshua D. Silver |
| **Sent:** | Sunday, December 5, 2021 11:22 AM |
| **To:** | robertsanchez7@mac.com |
| **Cc:** | 'court@bankruptcyclinic.com'; 'Jennifer Graham (jgraham@bankruptcyclinic.com)'; Natally Valle |
| **Subject:** | Danay Aguirre 21-16185 |
| | |
| **Importance:** | High |

Robert,

The above referenced Debtor has defaulted on her settlement obligations.

Pursuant to the stipulation agreement between the Debtor and the Trustee, and the Court order approving same [ECF 28], the Debtor agreed to pay $6,000 as follows: (i) an initial payment in the amount of $1,000 on or before October 31, 2021; followed by (ii) ten consecutive monthly payments of $500 starting on November 15, 2021, and each subsequent payment due on the same day each month thereafter until the settlement amount is paid in full by August 15, 2022.

The Debtor should have paid $1,500 towards the settlement amount, to date. However, the Debtor has failed to make a single payment. Meaning the Debtors is currently in default by $1,500, and on December 15, 2021, an additional $500 will be due.

Please instruct your client to deliver payment in the amount of $2,000 to the Trustee on or before December 15, 2021 to cure the default. If the Debtor does not pay this amount by December 15th, we'll have to file a Notice of Default and seek an Order revoking the Debtor's discharge in accordance with the terms of the stipulation agreement.

Thank you for your anticipated prompt attention to this.

Joshua D. Silver
Tabas & Soloff, P.A.
25 S.E. 2nd Avenue, Suite 248
Miami, FL 33131
Phone: (305) 375-8171
Fax: (305) 381-7708
jsilver@tabassoloff.com
www.tabassoloff.com

This transmission is intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If this information is received by anyone other than the named addressee(s), the recipient should immediately notify the sender by E-MAIL and by telephone at (305) 375-8171 and obtain instructions as to the disposal of the transmitted material. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender and the named addressee(s). Thank you.

1

